STEPHEN J. SIMONI
StephenSimoniLAW@Gmail.com
**SIMONI CONSUMERS**
   **CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner & Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone: (917) 621-5795

*Counsel for Plaintiff*
    *and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**TRENTON DIVISION**

| | |
|---|---|
| JOHN SACCHI (**"Consumer"**),<br>Individually and on behalf<br>of all others similarly<br>situated,<br><br>    Plaintiff,<br><br>vs.<br><br>HENKEL AG & COMPANY, KGaA,<br>HENKEL CONSUMER GOODS INC.,<br>HENKEL CORPORATION,<br>THE DIAL CORPORATION,<br>(collectively, **"Henkel"**), and<br>DOES 1 through 10, inclusive,<br><br>    Defendants. | Civ. No. 2017-____<br><br>**COMPLAINT**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**HENKEL'S ONGOING FRAUDULENT PRODUCT-REBATE CAMPAIGN
LEAVES CONSUMERS STRANDED WITH WORTHLESS CHECKS DRAWN ON
AN ARIZONA BANK, BOUNCED-CHECK FEES, AND NO MEANINGFUL
<u>RECOURSE AGAINST A GERMANY-BASED CORPORATE CONGLOMERATE</u>**

      Consumer product-rebate wrongdoing has a long and shameful history across the United States where promised rebates from well-known concerns—including Samsung and

1

Home Depot——have left thousands of consumers not only with unpaid rebate checks, but also the imposition both of "returned deposit item" fees and "nonsufficient funds" fees for checks that the consumer wrote on the assumption that the deposited rebate check would be honored by the issuer.

The most recent instance of product-rebate wrongdoing is actively being perpetrated by corporate affiliates of the Germany-based conglomerate Henkel AG & Company, KGaA, which issued worthless rebate checks drawn on an Arizona bank account that it knowingly closed and *yet continues to solicit purchases of the subject product with the promise that a rebate will be paid*.

**HENKEL HAS MADE NO EFFORT TO COMPENSATE CONSUMER DESPITE CONSUMER'S CHECK "BOUNCING" MORE THAN A MONTH AGO AND HENKEL EVEN FAILED TO RESPOND TO CONSUMER'S PROVISION OF A DRAFT VERSION OF THE INSTANT COMPLAINT THIS SPRING**

Tellingly, Henkel has done *nothing* to compensate Consumer for his increasing damages although months have passed since it issued the worthless check and even though Consumer provided a draft of the instant Complaint in the spring.

Because Henkel apparently will take no remedial action in the absence of formal legal proceedings, its wrongdoing cries out for the certification of a Class pursuant to Rule 23 of the Federal Rules of Civil Procedure in order to hold Henkel accountable and obtain some remedy for the thousands of prospective Class members.

And, significantly, because Henkel will make no commitment to terminate its ongoing wrongdoing, injunctive

2

relief is indicated for the protection of countless other consumers who may yet comply with Henkel's requisite product purchase; due to the apparent success of the campaign at inducing consumers to make the subject purchase, Henkel continues to solicit purchases of the product by publicly encouraging consumers with its bold assurance, **"TRY ME FREE OFFER NOW EXTENDED THROUGH 9/15/17!"**, which is months away from the date of this Complaint's filing.

### NEW JERSEY'S CONSUMER FRAUD ACT PROVIDES FOR TREBLE DAMAGES, ATTORNEYS' FEES, AND MULTIPLE PENALTIES OF $20,000.00 FOR EACH VIOLATION

Fortunately, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.2 et seq. (**"NJCFA"**)) provides for, *inter alia*, treble damages, attorneys' fees, penalties of $10,000.00 for the first violation and $20,000.00 for the second and every subsequent violation, and enhanced damages for violations perpetrated against Senior Citizens and/or persons suffering from a disability including a $30,000.00 penalty for a scheme perpetrated against such vulnerable consumers.  Consumer is a Senior Citizen and receives medical care following his cerebral vascular accident, or "stroke," which he suffered prior to purchasing the subject product.

Henkel Corporation (**"Henkel"**) induced Consumer to purchase Right Guard Xtreme Precision Dry Spray Antiperspirant by placing a sign in a retail establishment that promised the product would be "FREE" after submission

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>
<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>
<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>
<tr>

<tr>

<tr>

<tr>

<tr>

<tr>
<tr>

<tr>

<tr>

<tr>

<tr>

<tr>

<tr>
<tr>

of a form mailed to Defendant (sample store sign reproduced from the Internet is attached hereto as Exhibit A).

Henkel sent Consumer a check numbered 26263, drawn on the Alliance Bank of Arizona, in the amount of $5.49 to his address in Monmouth County, New Jersey, where the check was deposited at a Wells Fargo branch.  The check was returned "unpaid" with the "Reason" noted that the check had been drawn on a "Closed Account."

Wells Fargo then imposed a $12.00 "returned deposit item fee" pursuant to prevailing banking practices and the terms of Wells Fargo's account agreements.

Henkel has apparently perpetrated consumer rebate fraud upon thousands of consumers as, upon information and belief, Consumer's check was not the sole item written on the "Closed Account" at the Alliance Bank of Arizona.

Plaintiff, individually and on behalf of the Class defined below, brings this action for damages, restitution, statutory damages, punitive damages, sanctions, interest, court costs, attorneys' fees, and injunctive relief for Henkel's wrongdoing.  Plaintiff demands a trial by jury, and complains and alleges as follows:

### INTRODUCTION

1.   Defendants The Dial Corporation, Henkel Consumer Goods Inc., Henkel Corporation, and Henkel AG & Company, KGaA (collectively, **"Defendants," "Henkel,"** or **"Company"**) are corporations incorporated and headquartered outside the

State of New Jersey that market and sell consumer goods throughout the world.

2. Plaintiff brings this action to challenge the Company's apparent fraudulent practice in inducing thousands of consumers nationwide to purchase Company products.

3. All of the claims asserted herein arise out of Company's common practice and arise from a common fact pattern as to each member of the Class defined below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d). This is a proposed class action involving more than one hundred (100) class members, at least one class member resides in a state different than Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. This Court has jurisdiction over the Company in this action because it sent an unpaid check to New Jersey where the check was returned "unpaid" and triggered a "returned item" fee from a bank in New Jersey.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b) and (c) in that the acts and omissions complained of, and the resulting damages, occurred in this district.

## THE PARTIES

6.  Plaintiff (**"Plaintiff"**) is an adult male who received a rebate check at his New Jersey address.

7.  Defendants The Dial Corporation, Henkel Consumer Goods Inc., Henkel Corporation, and Henkel Ag & Co. KGaA (collectively, **"Defendants," "Henkel,"** or **"Company"**) are corporations incorporated and headquartered outside the State of New Jersey.

8.  Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues the Doe Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

9.  At all times herein mentioned, The Dial Corporation, Henkel Consumer Goods Inc., Henkel Corporation, and Henkel Ag & Co. KGaA, and the Doe Defendants, and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

10.  Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other

Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11.  At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS

12.  In or about May 2017, Plaintiff received from Henkel check numbered 26263, drawn on the Alliance Bank of Arizona, in the amount of $5.49 to his address in Monmouth County, New Jersey, where the check was deposited at a Wells Fargo branch.  The check was returned "unpaid" with the "Reason" noted that the check had been drawn on a "Closed Account."

13. Wells Fargo then imposed a $12.00 "returned deposit item fee" pursuant to prevailing banking practices and the terms of Wells Fargo's account agreements.

14.  Tellingly, Henkel has done ***nothing*** to compensate Plaintiff for the increasing damages although months have

7

passed since the check was issued.  Henkel has apparently perpetrated similar consumer rebate fraud upon thousands of other consumers as, upon information and belief, Plaintiff's check was not the sole item written on the "Closed Account" at the Alliance Bank of Arizona.

## CLASS ACTION ALLEGATIONS

15.  Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions.  The Class is defined as follows:

> All individuals who, commencing six years from the filing of this action, received a rebate check from Henkel that was returned "unpaid" by the bank in which it was deposited.  Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

16.  Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants.  However, Plaintiff believes that due to the nature of the trade and commerce involved of consumer products and rebate inducements, Class members are sufficiently numerous, most likely many thousands of consumers, and geographically dispersed throughout the

United States, such that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because all checks were written and recorded in Defendants' paper and electronic records.

17. Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiff was injured by Defendants' practices and by asserting his claims, Plaintiff will also advance the claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

18. The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

  a. Did Defendants fraudulently induce the purchase of consumer products by promising a rebate that it did not intend to pay?

  b. What is the appropriate measure of damages for Defendants' breach of contract?

  c. Was Defendants' policy deliberate such that punitive damages may be awarded? and

  d. Are Plaintiff and the Class Members entitled to the injunctive and equitable

relief requested herein to enjoin Henkel's continuation of the wrongful rebate campaign?

19. These common questions and others predominate over questions, if any, that affect only individual members of the Class.

20. The claims of the representative Plaintiff are typical of the claims of the Class. There are no material conflicts with any other member of the Class that would make class certification inappropriate. Plaintiff and counsel will fairly and adequately represent the interests of the Class.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay

and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

23.  Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

24.  Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation:  Individual consumers typically lack the resources, ability, and knowledge to legally pursue their respective remedy after Henkel's wrongdoing and the relatively small amounts at issue would not warrant an attorney's involvement on an isolated claim.  Accordingly, if a class were not certified, the alternative to a class action would be not be multiple individual actions, but rather *no actions* and Company would thereby have succeeded in committing—and continuing to commit—its wrongdoing with legal impunity.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Conversion)

25.  Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

11

26. Defendants deliberately and knowingly wrongfully issued checks that Defendants intended would be "unpaid" due to Defendants' closing of the account upon which the checks were drawn.

27. Defendants thereby obtained money of Plaintiff to which they are not legally entitled.

28. As a direct and proximate result of Defendants' conduct, Plaintiff and Class members have been damaged.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Fraud)

29. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

30. Defendants knowingly falsely stated that Plaintiff would receive a monetary rebate if the subject product were purchased while Defendants intended that checks would be "unpaid" due to Defendants' closing of the account upon which the checks were drawn.

31. Plaintiff relied on Defendants' stated inducement of a monetary rebate by purchasing the subject product.

32. Defendants deliberately and knowingly wrongfully closed the account on which the check had been drawn.

33. Defendants thereby obtained money of Plaintiff to which they are not legally entitled.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

35. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

36. Defendants stated in the subject rebate campaign that a monetary rebate would be provided for purchase of the subject product.

37. Although Plaintiff purchased the subject product, Defendants deliberately closed the account on which the rebate check had been drawn.

38. Defendants thereby obtained money of Plaintiff to which they are not legally entitled.

39. As a direct and proximate result of Defendants' conduct, Plaintiff and Class members have been damaged.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2.2 et seq. ("NJCFA"))

40. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

41. Defendants knowingly falsely stated that Plaintiff would receive a monetary rebate if the subject product were purchased while Defendants intended that checks would be "unpaid" due to Defendants' closing of the account upon which the checks were drawn.

42. Plaintiff relied on Defendants' stated inducement of a monetary rebate by purchasing the subject product.

43. Defendants deliberately and knowingly wrongfully closed the account on which the check had been drawn.

44. Defendants thereby obtained money of Plaintiff to which they are not legally entitled.

45. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged.

46. NJCFA provides for, inter alia, treble damages, attorneys' fees, penalties of $10,000.00 for the first violation and $20,000.00 for the second and every subsequent violation, and enhanced damages for violations perpetrated against Senior Citizens and/or persons suffering from a disability including a $30,000.00 for a scheme perpetrated against such vulnerable consumers.

47. Plaintiff is a Senior Citizen who suffered a cerebral vascular accident and has been receiving medical treatment for his "stroke" prior to the product purchase.

48. NJCFA imposes personal liability[1] upon individuals who violate the statute notwithstanding their having purported to contract solely in the corporate entity's name.

49. Plaintiff also seeks injunctive relief prohibiting such conduct in the future.

---

[1] <u>Gennari v. Weichert Co. Realtors</u>, 148 N.J. 582 (1997).

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

1. Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2. Statutory damages and penalties;

3. Compensatory, general, incidental, and consequential damages according to proof;

4. Special damages according to proof;

5. Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate conduct;

6. Restitution and disgorgement according to proof;

7. Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

8. Prejudgment interest at the maximum legal rate;

9. Costs of the proceedings herein;

10. Reasonable attorneys' fees; and

11. All such other and further relief as the Court deems just.

Dated:  July 3, 2017             Respectfully submitted,


                                 By: /s/___Stephen J. Simoni_
                                 STEPHEN J. SIMONI
                                 StephenSimoniLAW@gmail.com

15

**SIMONI CONSUMERS
   CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner &
    Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone:  (917) 621-5795

*Counsel for Plaintiff and
    the Proposed Class*

### DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.

Dated:  July 3, 2017            Respectfully submitted,


By: /s/___Stephen J. Simoni_
STEPHEN J. SIMONI
StephenSimoniLAW@gmail.com
**SIMONI CONSUMERS
    CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner &
    Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone:  (917) 621-5795

*Counsel for Plaintiff and
    the Proposed Class*

# EXHIBIT A

